UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.G.I.A., INC., )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>MEDEX ASSISTANCE CORPORATION, )<br>)<br>**Defendant.** ) | Civil Action No. 07-CV-105-RCL |

## SUPPLEMENTAL DECLARATION OF DAVID L. MAIR

I, DAVID L. MAIR, hereby declare as follows:

1. I am Director, Client Relations, for MEDEX Assistance Corporation ("MEDEX"), the defendant in this matter. I am over the age of 21 years and understand the obligations of an oath. My statements given herein are made as though I were present in a courtroom. I affirm that the facts stated herein are based on my personal knowledge, except where specifically noted, and are true and correct to the best of that knowledge. I make this supplemental Declaration in support of Defendant's Motion for Partial Reconsideration and Vacation of Order of February 5, 2007. The purpose of the Declaration is to substantiate certain representations made by counsel for MEDEX at the preliminary injunction hearing.

2. According to the terms by which AGIA terminated the Service Agreement, MEDEX has no obligation to service claims by EA+ Plan members incurred after December 31, 2006. Nevertheless, since that date, MEDEX has, at its own expense, continued to maintain and monitor the toll-free telephone lines at issue, even when calls to those lines have pertained to claims incurred after the termination date.

3. MEDEX maintains a global directory of over 35 toll free numbers for its individual and corporate clients. Some of these numbers are accessible from specific countries or international regions; others are accessible only from within North America or the United

States. The international toll free numbers are published on the MEDEX website and in other materials provided to clients. None of the international toll free numbers is reserved for use by a single client. Domestically, certain toll free numbers are maintained for use with individual accounts for the administrative and operational convenience of MEDEX in order to identify callers associated with particular clients.

4. Only a portion of the AGIA Participating Groups utilized numbers provided by MEDEX for use solely by those groups. Other Participating Groups used standard, non-dedicated MEDEX numbers.

5. MEDEX has paid for and owned the rights to (877) 773-3432, (800) 698-5688, (877) 565-2542 and (800) 586-0193 for years. MEDEX's computer programming is specifically designed around these and other numbers to transfer incoming calls into the appropriate emergency, non-emergency, primary, secondary, and dedicated customer queues.

6. AGIA is well aware that MEDEX owns the usage rights to (877) 773-3432, (800) 698-5688, (877) 565-2542 and (800) 586-0193. During the summer of 2006, MEDEX offered to AGIA the opportunity to negotiate for transfer of those numbers to AGIA in consideration of a multiple year Service Agreement. AGIA declined that offer in favor of a competing offer from On Call International.

7. AGIA attempted to negotiate again for the telephone numbers following notice of termination of the Service Agreement. Its offer was insufficient. At no point did AGIA extend an alternate financial offer. It simply repeated its prior demand with greater fervor.

8. MEDEX informed AGIA during a conference call on November 29, 2006, and in subsequent correspondence of its interest in redeploying the toll free lines for future clients. As of the time AGIA filed its application for injunctive relief, MEDEX had already arranged for the

redeployment of one of the toll-free lines – 877-565-2542 – for use by a large, international healthcare provider and client of MEDEX based in the United Kingdom. When AGIA filed its TRO motion, the British healthcare provider had already begun preparing ID card stock with the toll-free number for use by its members. We have not had opportunity to assess the costs, in materials and goodwill, that MEDEX would incur as a result of AGIA obtaining possession of that particular toll-free line.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

February 11, 2007

David L. Mair

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 12th day of February, 2007, a copy of the foregoing Supplemental Declaration of David L. Mair was mailed by first-class mail, postage prepaid to:

Stephen M. Pavsner, Esquire (spavsner@jgllaw.com)
Lawrence R. Holzman, Esquire (lholzman@jgllaw.com)
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland  20770

Ian M. Guthrie, Esquire
SCHLEY LOOK & GUTHRIE LLP
311 E Carrillo Street, Suite D
Santa Barbara, CA 93101

/S/ CREIGHTON R. MAGID
_____
Creighton R. Magid (#476961)
DORSEY & WHITNEY LLP
Washington Square
1050 Connecticut Avenue, N.W., Suite 1250
Washington, D.C.  20036
(202) 442-3555
magid.chip@dorsey.com