UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.G.I.A., Inc., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-105 (RCL) |
| MEDEX ASSISTANCE CORP., | ) |
| Defendant. | ) |

## ORDER

On February 5, 2007, after consideration of both written briefs and oral arguments made by counsel for both parties, this Court issued an Order [17] granting a Preliminary Injunction against Defendant Medex Assistance Corporation, in which the Court ordered, *inter alia*, that Defendant comply with the following conditions:

(1) Medex is enjoined, directly or indirectly, with their agents, employees and representatives, from (a) using or disclosing in any way any of the Documents related to the EA+ program and/or EA+ eligible persons to solicit EA+ eligible customers, and (b) using in any way or furnishing to any third-party any of the Documents and other information contained in the Documents at any time, or any copies and/or extracts thereof;

(2) Using, disclosing, or transmitting EA+ Eligible Member Data for any purpose, other than providing services under the Service Agreement;

(3) Medex shall immediately make appropriate arrangements to transfer all the

1

EA+ dedicated toll free phone numbers currently in its control to AGIA or its designee. The phone numbers are:

    (I)    (877) 773-3432

    (ii)    (800) 698-5688

    (iii)    (877) 565-2542

    (iv)    (800) 586-0193

Defendant filed, on February 8, 2007, a Motion [20] to Reconsider the issuance of the Preliminary Injunction, to which Plaintiff filed a timely opposition brief [29] on February 16, 2007.

In the interim, Plaintiff filed a Motion [23] for an Order to Show Cause for Contempt and Motion [24] to Shorten Time and for Expedited Consideration due to the fact that Defendant has failed to comply with this Court's Preliminary Injunction Order for Defendant to transfer the four phone lines at issue. Judge Urbina, as acting Motions Judge, issued an Order [25] granting both of Plaintiff's motions, and ordered Defendant to file a written response to show cause why the Court should not issue an order finding Defendant in contempt for failing to comply with the terms of the February 5, 2007, Order issued by this Court. Defendant complied with this request, indicating in its response to the Court [28] that it objected to this Court's ruling regarding the transfer of the phone lines as "clearly erroneous," and that it was merely maintaining the status quo pending this Court's resolution of its motion for reconsideration of the Preliminary Injunction Order. (Def.'s Resp. [28] to Order of the Court, at 6.)

This Court is not persuaded by Defendant's logic for a number of reasons. First and foremost, a court's order must be followed as to all provisions, not merely the provisions a party

does not find objectionable. Second, a motion for reconsideration of a court order does not amount to a stay of the provisions of that order. To hold otherwise would render impotent any court-issued preliminary injunction order by virtue of the mere filing of a motion to reconsider that order. Finally, Defendant's argument that no harm is done by maintaining the status quo cuts against the very reason that this preliminary injunction was sought in the first place. Plaintiff sought to alter the status quo so as to prevent further injury to itself, not to maintain it. Defendant's deliberate effort to flout the clear provision ordering the transfer of the four phone lines continues to cause injury to the Plaintiff, and therefore must cease immediately.

As to Defendant's Motion for Reconsideration, the motion still awaits Defendant's reply memorandum in response to Plaintiff's opposition memorandum. Accordingly, the Court will not rule on Defendant's motion until it has been fully briefed.

It should be noted preliminarily, however, that in this Circuit, a motion for reconsideration should only be granted if the Court "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Pearson v. Thompson*, 141 F. Supp. 2d 105 (D.D.C. 2001) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Moreover, failure to comply with the provisions of a preliminary injunction order can serve as a basis for denial of a motion for reconsideration of the preliminary injunction order. *See Pearson*, 141 F. Supp. 2d at 112 ("Given Defendants' continuing failure to comply with these and other essential aspects of [the preliminary injunction order], the Court must deny Defendants' motion for reconsideration.").

Upon a review of the parties' pleadings, and the entire record herein, this Court finds that Defendant is in contempt of its Order [17] issued February 5, 2007. Accordingly, it is hereby this

21st day of February, 2007,

**ORDERED** that Defendant must comply with *all* terms and provisions set forth in the February 5, 2007, Order [17] granting a Preliminary Injunction against Defendant, not merely the ones it does not object to. The phone lines must be transferred to Plaintiff <u>immediately</u>, notwithstanding the pending Motion for Reconsideration.

Failure to comply with the terms of this Order and the February 5, 2007, Order [17] may result in sanctions for contempt against the defendant.

**SO ORDERED**.

_____          RICARDO M. URBINA
United States District Judge

For:

Royce C. Lamberth
United States District Judge